IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PAULA B. AJISEFINNI, | ) |
| | ) |
|     Plaintiff, | ) |
| | )   Civil Action No. 8:19-cv-03284 CBD |
| v. | ) |
| | ) |
| CLIFTONLARSONALLEN, LLP | ) |
| | ) |
|     Defendant. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
CLIFTONLARSONALLEN, LLP**

COMES NOW, Defendant CliftonLarsonAllen, LLP, by and through undersigned counsel, and as for its Answer to Plaintiff Paula B. Ajisefinni's Complaint, states as follows:

**ANSWER**

**I. The Parties**

I.A.    Defendant denies that Plaintiff's legal name is Paula Bolanle Ajisefinni. On information and belief, Plaintiff's legal name is Bolanle Ajisefinni.

I.B.    Defendant admits that the address provided for Defendant is accurate.

I.C.    Defendant admits that Plaintiff was employed at Defendant's former office location in Calverton, Maryland.

**II. Basis for Jurisdiction**

II.    Defendant admits that this Court has federal question jurisdiction over Plaintiff's claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967.

**III. Statement of Claim**

III.     Defendant denies the allegations set forth in Plaintiff's Statement of Claim, except as specifically admitted or otherwise answered herein.  .

III.(I.) Defendant admits that Plaintiff was placed on a legitimate performance improvement plan on April 20, 2016 and that she was terminated on May 9, 2016 for failure to comply with the conditions of the performance improvement plan.  Defendant otherwise denies the allegations of Plaintiff's First Cause of Action.

III.(II.)  Defendant denies the allegations of Plaintiff' Second Cause of Action.

III.(III.) Defendant denies the allegations of Plaintiff's Third Cause of Action.

III.(IV.)  Defendant denies the allegations of Plaintiff's Fourth Cause of Action.

III.A.   Defendant denies that it engaged in any discriminatory conduct in connection with Plaintiff's employment.

III.B.   Defendant denies that it engaged in any discriminatory acts against Plaintiff. Defendant admits that Plaintiff was employed from September 21, 2015 to May 9, 2016.

III.C.   Defendant admits that it has had not committed any act in relation to Plaintiff since May 9, 2016 when it legitimately terminated her employment.

III.D.   Defendant denies that it discriminated against Plaintiff on the basis of her race or age.

III.E.   Defendant admits the allegations in Plaintiff's charge of discrimination that her employment began on September 21, 2015 in the position of Senior Associate, that she was placed on a performance improvement plan on April 20, 2016 and terminated on May 9, 2016. Defendant denies that Denise Wu made derogatory comments regarding her age or that she was discriminated against on the basis of race.

### IV. Exhaustion of Federal Administrative Remedies

IV.A.  Defendant lacks information or belief as to when Plaintiff filed a charge with the EEOC alleging race or age discrimination and the charge attached by Plaintiff is dated May 8, 2017.  The allegations of Section IV.A. are therefore denied.

IV.B.  Defendant admits that the EEOC issued a Notice of Right to Sue Letter dated August 16, 2019.

IV.C.  Defendant admits that more than 60 days elapsed since the issuance or the Right to Sue letter.

V.   Defendant denies that Plaintiff is entitled to any relief.

### DEFENSES

Defendant does not allege or admit that it bears the burden of proof with respect to any of the following defenses, nor does Defendant assume the burden of proof of any matters that would otherwise rest on Plaintiff.  In addition, Defendant reserves the right to supplement this Answer and assert additional affirmative defenses, other defenses and/or counterclaims at such time and to such extent as warranted by discovery and the factual development of this case.

### FIRST AFFIRMATIVE DEFENSE

The Complaint and each of its causes of action fail to allege sufficient facts upon which a claim for relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Any injury, statutory or otherwise, allegedly suffered by Plaintiff was not caused by the acts, conduct or omissions of Defendant.

### THIRD AFFIRMATIVE DEFENSE

The Complaint and each of its causes of action are barred by the equitable doctrines of waiver, estoppel, laches and/or unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint and each of its causes of action are barred by all applicable statutes of limitations and/or administrative or contractual filing periods. Plaintiff's Third and Fourth Causes of Action are facially time-barred by the applicable statutes of limitations under Maryland law as they were filed more than three years after the alleged conduct occurred.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to adequately exhaust administrative remedies regarding her allegations of racial discrimination. Plaintiff's Charge of Discrimination fails to set forth any facts upon which a reasonable factfinder could conclude that she was discriminated against on the basis of her race.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by judicial estoppel. On three separate filings, under oath, in the United States Bankruptcy Court for the District of Maryland, Plaintiff failed to disclose the existence of her claims in order to conceal their existence from her creditors.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for recovery are limited by the damage caps under Title VII, the ADEA and Maryland state law.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her alleged damages.

## NINTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by accord and satisfaction, settlement and/or payment and release.

## TENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert further affirmative defenses as they become evident through discovery.

WHEREFORE, Defendant denies that Plaintiff is entitled to recovery or relief in any amount whatsoever and respectfully prays that this Court:

a. Dismiss Plaintiff's Complaint with prejudice;

b. Grant judgment in Defendant's favor against Plaintiff, and grant Plaintiff no relief;

c. Enter an award of costs and attorneys' fees in favor of Defendant; and

d. Grant Defendant any and all further relief that is deemed just and proper.

Respectfully submitted,

 /s/ Gregory P. Currey
Paul F. Evelius (Bar No. 05754)
Gregory P. Currey (Bar No. 28583)
Wright Constable & Skeen, LLP
7 Saint Paul Street, 18th Floor
Baltimore, Maryland 21202
(410) 659-1300
Facsimile: (410) 659-1350
pevelius@wcslaw.com
gcurrey@wcslaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of February, 2020, a copy of the Answer to Complaint and accompanying Local Rule 103.3 disclosure statement was sent via first-class mail, postage prepaid to: Paula B. Ajisefinni, Plaintiff *Pro Se*, 1138 Southern Night Lane, Gaithersburg, MD 20879.

/s/ Gregory P. Currey