UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

September 15, 2021

**LETTER ORDER**

RE:   *Ajisefinni v. CliftonLarsonAllen*
        DLB-19-3284

Dear Counsel:

This case recently was reassigned to me. Pending before me is defendant CliftonLarsonAllen, LLP's motion for sanctions, including dismissal, based on plaintiff Paula Ajisefinni's unresponsiveness to written discovery requests. ECF 28. Ms. Ajisefinni, who was unrepresented at the time CliftonLarsonAllen sought sanctions, has retained counsel and, through counsel, has filed an opposition to defendant's motion. ECF 36. She asks the Court to deny sanctions because she has retained counsel and has responded to the discovery requests. *Id.* at 3.

The Court may order sanctions, including dismissal of an action, when a party "fails to serve its answers, objections, or written response" to "properly served . . . interrogatories under Rule 33 or a request for inspection under Rule 34." Fed. R. Civ. P. 37(d)(1)(A)(ii); *see* Fed. R. Civ. P. 37(d)(3) (incorporating sanctions listed in Fed. R. Civ. P. 37(b)(2)(A)). To "determin[e] what sanctions to impose under Rule 37," the Court considers "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (quoting *Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998)). Dismissal with prejudice "is 'the most extreme sanction'" and therefore "appropriate only in the most egregious cases." *In re Jemsek Clinic, P.A.*, 850 F.3d 150, 158 (4th Cir. 2017) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993)).

Sanctions are not warranted under the circumstances before the Court. Plaintiff has responded to defendant's written discovery requests, discovery is ongoing, the parties are working together, through counsel, to propose reasonable extensions to the discovery deadlines, and a trial date has not been set. There is no indication that Ms. Ajisefinni acted in bad faith or that her failure to respond to defendant's discovery requests prejudiced defendant. And deterrence is unnecessary. After the motion for sanctions was filed, plaintiff retained counsel and responded to the discovery, and her counsel is cooperating with opposing counsel in the discovery process. She has apologized to the Court and the defendant for her prior non-compliance. CliftonLarsonAllen's motion is denied.

*Ajisefinni v. CliftonLarsonAllen*
DLB-19-3284
September 15, 2021
Page 2

      Despite the informal nature of this letter, it will constitute an Order of the Court and will be docketed accordingly.

                                        Sincerely,

                                        Deborah L. Boardman
                                        United States District Judge